XEROX CORP., PLAINTIFF *v.* UNITED STATES OF AMERICA, DEFENDANT

Court No. 94–05–00286

(Dated July 9, 1996)

*Neville, Peterson & Williams (John M. Peterson)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Civil Division, United States Department of Justice *(Barbara M. Epstein)* for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter comes before the Court on plaintiff's motion for rehearing of its earlier request to vacate dismissal and suspend this case. Defendant does not object to plaintiff's motion, but defers to the Court's discretion as to whether to grant the motion. After due deliberation, the Court denies plaintiff's motion.

## BACKGROUND

This case was placed on the Court's reserve calendar on May 18, 1994. Because plaintiff never removed the case from the reserve calendar, the Clerk dismissed the case for lack of prosecution, pursuant to USCIT Rule 83(c), on January 24, 1996. On March 28, 1996, plaintiff made a motion to vacate the dismissal and suspend the case. Plaintiff failed, however, to present any facts to convince the Court that dismissal of this case was unwarranted. On April 19, 1996, the Court denied plaintiff's motion to vacate dismissal and suspend. *Xerox Corp. v. United States,* slip op. 96–66 (April 19, 1996).

## DISCUSSION

Plaintiff asks the Court to rehear and reconsider plaintiff's earlier motion to vacate dismissal and suspend this case.

The decision to grant a motion for rehearing rests in the sound discretion of the Court. USCIT Rule 59(a); *Kerr-McGee Chem. Corp. v. United States,* 14 CIT 582, 583 (1990). A rehearing should not, however, be granted merely to give a party a chance to relitigate its case. *Id.* Rather, a rehearing may be appropriate when the original proceeding was significantly flawed. *Id.* The original proceeding may have been significantly flawed if it suffered from: (1) an error or irregularity; (2) a serious evidentiary flaw; (3) the absence of new evidence which even a diligent party could not have discovered at the time; or (4) an accident, unpredictable surprise, or unavoidable mistake that impaired a party's ability to present its case. *Id.*

Plaintiff has failed to establish an appropriate basis for granting a rehearing in this case. Plaintiff seeks a rehearing because it wants a second chance to show the Court the extent to which it prosecuted this case. Plaintiff has not, however, recently discovered the facts that it

seeks to present. When plaintiff made its motion to vacate the dismissal for lack of prosecution, plaintiff chose not to make the showing that it seeks to make today. The Court will not grant a rehearing merely to give plaintiff an opportunity to relitigate its case. Consequently, it is hereby

ORDERED that plaintiff's motion for rehearing and reconsideration is DENIED.